IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1312-MJR-MAB |
| | ) |
| DEREK JOHNSON, and, | ) |
| LEIF McCARTHY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**
**ADOPTING REPORT & RECOMMENDATION**

**REAGAN, Chief Judge:**

On October 25, 2018, the parties appeared before the Honorable Stephen C. Williams, United States Magistrate Judge, for an evidentiary hearing on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29). Following the hearing, Magistrate Judge Williams prepared a Report and Recommendation (Doc. 48). Judge Williams recommended that the undersigned District Judge grant summary judgment in favor of defendants (*Id.*). Upon issuance of the Report and Recommendation, Magistrate Judge Williams informed the parties that they had 14 days to object to his recommendations. (*Id.* at 13). The 14-day deadline—January 3, 2019—came and went without any objections being filed. Upon request, the Court extended the deadline for objections to February 11, 2019. (Doc. 52). The Court also tendered a copy of the Pavey hearing transcript. (*Id.*). Nevertheless, objections were not received. The Court did receive a motion for reconsideration regarding the appointment of counsel in this matter and related matters, which will be addressed below. (Doc. 55).

As noted, the Court never received objections to Magistrate Judge Williams' recommendation that this matter be dismissed. Accordingly, the Court **ADOPTS** in its entirety the Report and Recommendation (Doc. 48). The Court finds that Magistrate Judge Williams's recommendations are sound, particularly in light of the detailed analysis of exhaustion as to the lack of documentation from the Plaintiff tending to suggest that he lodged this specific grievance with the Administrative Review Board on an emergency basis, or at the institutional level. As Magistrate Judge Williams noted, there is evidence that Plaintiff reliably used the grievance system on many other occasions, so it was not credible that there was a complete lack of documentation of the grievance process for the issues raised in this case. Plaintiff's own verbal representations were also contradicted by the sworn testimony of a prison grievance counselor. Based on these issues, the Defendants' motion is hereby **GRANTED**. No claims remain against any party. Accordingly, judgment shall be entered in favor of all Defendants and the Clerk's office is directed to close this case.

In light of the disposition of this case, Plaintiff's Motion to Reconsider (Doc. 55) the status of appointment of counsel is hereby MOOT. Counsel cannot help Plaintiff to overcome a failure to utilize the proper prison grievance procedure. It should also be noted that Plaintiff has other related matters before the Court where he enjoys the benefit of counsel, so he is not completely shut out by his lack of legal expertise.

**IT IS SO ORDERED.**

DATED: February 27, 2019

<u>*s/ Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge